## BARTON VS. KANE.

Where goods are sent to order, a delivery to the carrier will not constitute a delivery to the consignee so as to pass the title and make the consignee liable for them, if they do not correspond in quantity and quality with the order.

To entitle himself to recover in such a case, the consignor must show that the consignee actually received and accepted the goods.

Where the alleged defect is in the *quality* of the goods, it is sufficient evidence of acceptance that the purchaser has not returned or offered to return them, or notified the seller of his non-acceptance of them.

Barton vs. Kane.

In an action for the price of goods sold by sample, where the defense was that the goods were inferior to the sample, and unfit for use, it was error to admit evidence on the part of the plaintiff that other goods of the same kind were sen$^t$ by him at the same time to other purchasers, who made no complaint of their quality.

Whether leading questions shall be permitted in the direct examination of witnesses, rests in the sound discretion of the court before which the trial is had; and its decisions in respect to them are not the subject of exception.

To justify the reversal of a judgment on the ground of the improper admission of evidence, it must appear that the party objecting has been or may have been injuriously affected by such admission.

Where a witness was asked several questions pertaining to the same point in immediate succession, and an objection to the first, which was merely preliminary to the others, was improperly overruled, and exception taken: *Held*, that the objection might be regarded as going not merely to that question, but to the others which sprung naturally from it; and the party was allowed the benefit of his exception as to the whole.

If, after a motion for a nonsuit is denied, the defendant himself supplies the evidence upon the absence of which his motion was founded, the judgment will not be reversed because the nonsuit was improperly refused.

It is a general rule, that to entitle one party to give evidence of the contents of a private document in the hands of another, reasonable notice must be proved to have been given to the party in possession, to produce it at the trial, and notice at the trial, without showing that the party has the document with him in court, is insufficient.

APPEAL from the Circuit Court for *Milwaukee* County.

Action to recover the contract price of cigars and tobacco alleged to have been sold and delivered to the defendant by the plaintiff. The answer, besides a general denial, set up a special defense as follows: That on the 30th of October, 1860, one Schrauber, as the plaintiff's agent, exhibited to the defendant, at Milwaukee, samples of cigars well seasoned and in excellent condition for use, &c.; that the defendant then ordered, through said agent, five thousand cigars similar to the samples to be delivered at the American House in Milwaukee, of which the defendant was proprietor; that on the 29th of December following, there arrived at said American House a lot of cigars by consignment from the plaintiff on account of said order, being those for which this action was brought; that the defendant immediately examined them, and

found that they were of a greatly inferior quality to the samples, that they were damp, green, unseasoned and wholly unfit for use, and a greater quantity than the defendant had ordered, and that the defendant therefore refused to accept the same, or any part thereof; that immediately after, he gave the plaintiff notice by mail that the cigars were not such as he had ordered, that he could not accept them or any part of them, and that they were subject to his order; that he thereupon carefully stored the cigars away, subject to the plaintiff's order, and was always ready and willing to return them when called for, until on the 4th of July, 1861, they, with said American House, were destroyed by fire, without the fault of the defendant.

On the trial, the plaintiff read in evidence the deposition of said Schrauber, which was, in substance, as follows: That in October and December, 1860, he was agent for the plaintiff, and in the latter part of October showed the plaintiff samples of cigars, and took an order from him for five thousand at $25 per thousand; they were to be of the same quality of stock, and as good as the samples. The defendant objected to this evidence of a sale by sample, on the ground that it did not conform to the allegations of the complaint, and was irrelevant; but the objection was overruled. The witness continued: "The cigars were sent in December. I packed them." *Question:* "Did they correspond with the samples?" Objected to as leading, and objection overruled. *Answer:* "They did." The plaintiff then asked the witness several questions relative to the condition and quality of the cigars sent to the plaintiff, which the defendant objected to as leading, but which were allowed by the court. The answers tended to show that the cigars sent the defendant were equal in quality to the samples. *Question:* "Did you, about the time you sent cigars to the defendant, ship any of the same cigars to other parties for the plaintiff?" Objected to as irrelevant, and objection overruled. *Answer:* "I did." *Question:* "Were ny complaints made to you or the plaintiff, that they were

damp, unseasoned or unfit for use?" *Answer:* "No complaint was made." *Question:* "To how many other parties did you ship the cigars?" Objected to as irrelevant, and objection overruled. The witness stated, in answer, the names of various persons or firms in different states, to whom he had shipped quantities varying from five to twenty-five thousand, and that he sold in all five or six hundred thousand at that time. On cross-examination the witness said he did not know whether the cigars were accepted by the defendant.—Simon Quintan, for the plaintiff, testified that he saw the cigars in question packed and sent, and that they were of the same quality as the samples, and in better condition; that there were 5,000 ordered by the defendant, and about 5,625 sent. A letter sent by the witness, for the plaintiff, to the defendant, was put in evidence. It was dated December 19, 1860, and contained an invoice of the cigars, charging the defendant with the whole quantity sent, and a statement as follows: "I send you a few more than ordered, so as to fill the case." Witness was shown another letter from the plaintiff to the defendant, dated January 4, 1861, acknowledging the receipt of a letter from the defendant dated December 29, 1860; and testified that the plaintiff did receive a letter from the defendant, and that said letter of January 4th was in his (witness's) hand-writing. Here the defendant asked the plaintiff by his counsel to produce said letter of December 29th "according to the notice given him to do so;" but the counsel and the witness "declined producing the same, and said they did not have it." The bill of exceptions does not show that any notice had been given the plaintiff to produce said letter.

The plaintiff having rested, the defendant moved for a nonsuit on the grounds, 1. That more goods were shown to have been sent by the plaintiff to the defendant than the quantity specified in the agreement of sale, while there was no proof of their having been accepted. 2. That the proof did not conform to the allegations of the complaint. Motion denied. The de-

fendant then introduced evidence tending to show that the cigars in question were damp and not well seasoned ; that they were inferior to the samples by which he bought ; that immediately after receiving and examining them, he stored them away, and that they remained so stored until the American House, with its contents, was destroyed by fire. G. S. Cole, who was employed in the American House at the time the cigars were received, testified that he assisted the defendant in examining them, and added : "After we made the examination, the defendant wrote to *Barton* on the same day ; I saw the letter." The defendant asked the witness to state what was in the letter ; but the plaintiff objected to the evidence, and the court sustained the objection. The defendant showed by the same witness that the railroad bill for freight upon said cigars was sent up to him with the goods. The bill, which was put in evidence, purported to be for the transportation of " one case of cigars." As a witness in his own behalf, the defendant testified : " After putting the cigars away, I wrote a letter to *Mr. Barton* on the same day, addressed to him at his place of residence, which was put into the postoffice, with the postage paid. The letter contained a notice to the effect that we had received some cigars from him on that day that were not like the samples from which we ordered, and that they were wholly unfit for use, and so damp and green that I could not use them, and would hold them subject to his order. I think I also mentioned that he had shipped more than I ordered. I received an answer from *Barton*." The defendant then put in evidence a letter which he said was *Barton's* answer, being the above mentioned letter of January 4, 1861, which was as follows : "Your favor of the 29th ult. is at hand, and contents noted. I am sorry that we should have misunderstood your order. However, if you will set the cigars in a dry, warm place, you will find that in ten days they will be ready for use. We have a great many orders to fill, and it is almost impossible to keep our goods long enough to season, but by a judicious

selection of stock we try to give satisfaction to our customers. Hoping that you will give the cigars a fair trial, I am," &c.— Mr. Quintan was recalled by the plaintiff, and testified that he took charge of the plaintiff's business correspondence, received and answered all his letters, and had never received any such letter as the defendant described, notifying *Mr. Barton* that the cigars were subject to his order, and that the defendant would not receive them.

Verdict for the plaintiff; motion for a new trial overruled; and judgment upon the verdict; from which the defendant appealed.

*Duncan E. Cameron,* for appellant:

1. Where goods sent exceed in quantity the order, the person ordering is not bound to accept. 2 Hill, 138; 6 id., 210. The shipper must then show an actual and unequivocal acceptance by the person ordering, to hold him liable. 3 Johns., 535; 7 Cow., 86; 1 Coms., 270; Hilliard on Sales, 135. 2. The court erred in sustaining the objection to the question put to the witness Cole, as to the contents of the letter from the defendant to the plaintiff, dated December 29, 1860. 1 Greenl. Ev., 668, 669, and notes.

*Wm. G. Whipple,* for respondent.

*By the Court,* DIXON, C. J. This case abounds in exceptions, many of which merit no discussion. We shall speak only of such as do.

Whether leading questions shall be permitted rests in the sound discretion of the court in which the trial is had, and decisions with respect to them are not the subject of exception.

The testimony of the witness Schrauber, that the plaintiff, about the same time, forwarded to other purchasers cigars, the same in kind as those furnished the defendant, and that those purchasers made no complaint that the cigars received by them were damp, unseasoned or unfit for use, should have been excluded. It was *res inter alios acta,* and wholly incom-

petent. Starkie on Ev. (4th Lond. Ed. 1853), 618 et seq.; *Carter v. Pryke*, Peake's C., 95 ; *Holcombe v. Hewson*, 2 Campb., 391; *Barden v. Keverberg*, 2 M. & W., 61 ; *Smith v. Wilkins*, 6 C. & P., 180 [25 E. C. L., 344]; *Delamotte v. Lane*, 9 C. & P., 261 [38 E. C. L., 110]; *Ganson v. Madigan*, 15 Wis., 144. No doubt, merely irrelevant evidence, that which has no tendency to influence a verdict either way, does not vitiate. It must appear that the party objecting was or may have been injuriously affected. *Dunlap v. Edwards*, 29 Miss., 41 ; *Routh v. Bank*, 12 S. & M., 190 ; *Lobb v. Lobb*, 26 Penn. St., 331 ; *Morris v. Runnels*, 12 Texas, 178 ; *Manny v. Glendenning*, 15 Wis., 50. And this presents the only difficulty about the evidence in question. It is, whether the exceptions were so taken as to save the objection. Of the three questions asked the witness, only two, the first and third, were objected to. Those questions and the answers were merely irrelevant. The second and really obnoxious question was put and answered without objection. If we consider a specific objection to each question necessary, the point is lost. If, however, we regard the objection to the preliminary question, which ought to have been sustained, as going not merely to that question but to the improper testimony which immediately succeeds and springs naturally from it, then nothing has been waived by the defendant. The strictest rules might require that the former course should be pursued ; but we incline to sustain the latter, and therefore hold the exceptions to have been well taken.

The motion for judgment of nonsuit should have been granted. The cigars forwarded exceeded the quantity ordered. The order was for 5,000, but the plaintiff sent 5,625. This was no compliance with the order, and imposed no obligation on the defendant, without showing an acceptance in fact by him after the cigars were received, the burden of which was upon the plaintiff. To constitute a delivery to the carrier a delivery to the consignee, so as to pass the title and make the consignee liable for goods sold and delivered, the goods must cor-

respond in quantity as well as quality, with those named in the order. *Bruce v. Pearson*, 3 Johns., 534, and *Thompson v. Downer*, 2 Hill, 137, are clear upon this question; and though the latter was reversed in the court of errors (6 Hill, 208,) the main point of reversal cannot arise here. There can be no pretense that the 625 extra cigars were sent out of an abund·ance of caution, and to insure a *scriptural* compliance with the order. They were sent to fill up the case, and the defendant was charged with their price. To entitle himself to recover under these circumstances, the plaintiff should have shown that the defendant actually received and accepted the cigars sent, upon the terms indicated in the plaintiff's letter notifying him of the consignment.

When goods ordered prove defective in quality, it is, in general, incumbent on the purchaser to notify the seller of his non-acceptance on that ground; else he is deemed to waive the objection, and to consent to keep and pay for them according to the terms specified. In such case it is considered sufficient evidence of acceptance, that the purchaser has not returned or offered to return the goods, or notified the seller of his non-acceptance. But whether the same rule of evidence should be applied where the quantity, known to the seller, is greater or less than that ordered, may well admit of doubt. Defects in quality may exist without the seller's knowledge. There is nothing in such circumstance which necessarily implies bad faith or a disposition on his part not to fulfill the contract. But where he knowingly sends more or less goods than are ordered, he is guilty of an intentional violation of the contract which he undertakes to perform, and his conduct savors of bad faith; and it would seem that he has no right to presume that the purchaser will accept, or to rely on notice of refusal. He must show an actual acceptance, by proving either that the purchaser retained and used the goods or that he did some other act from which his assent may be presumed. The non-

suit, therefore, at the time it was moved, was proper and should have been granted.

But whether we would now reverse the judgment on that ground is by no means certain. It seems to be well settled, that if the defendant, after a motion for a nonsuit, himself supplies the evidence on the want of which his motion is founded, he cannot have a reversal upon the technical ground that such evidence was not before the court when the nonsuit was asked. *Smith v. Compton*, 6 Cal., 24; *Hyland v. Sherman*, 2 E. D. Smith, 234; *Dodge v. McDonnell*, 14 Wis., 553. If the defect in the plaintiff's evidence was cured by the testimony of the defendant as to the contents of the letter of the 29th of December, it is too late to urge the refusal to nonsuit as ground of error. Whether this effect should be given to his testimony need not now be determined, since the judgment must be reversed for reasons already stated. It was the opinion of a majority of the senators in *Downer v. Thompson*, 6 Hill, 208, that refusing to accept on other grounds, without assigning that as a reason, was a waiver of all objection because the quantity sent exceeded that ordered. The defendant, however, does not testify that he placed his refusal solely on the ground that the cigars received were inferior to the samples. He thinks he mentioned that more were sent than ordered. That will be a matter for the jury to consider.

The court was right in refusing to permit the defendant to give secondary evidence of the contents of the same letter. To entitle one party to give evidence of the contents of a private document in the hands of another, in cases not within the exceptions, reasonable notice must be proved to have been given to the party in possession to produce it at the trial; and notice at the trial, without showing that the party has the document with him in court, is insufficient. Starkie on Ev., 554, 560; 1 Greenleaf on Ev., §§ 560, 562. Here the witness and counsel answered that they had not the letter.

Yet if the judge had been wrong in excluding the secondary

evidence, the error was cured.   The defendant was afterwards permitted to give the evidence  without  objection.   *Barringer v. The People*, 14 N. Y., 593.

Judgment reversed, and a new trial awarded.