McPherson vs. Rockwell.

## McPherson vs. Rockwell.

EVIDENCE. (1) *Error in rejecting, cured by subsequent admission.*
NONSUIT. (2) *Error in refusing, cured by subsequent admission of necessary evidence.*
LEADING QUESTION. (3, 4, 5) *Permission of, discretionary.*
WAIVER. (6) *Of terms of contract.*

1. In an action for labor done and materials furnished in building a house for defendant, it appeared upon cross examination of the plaintiff, that the house was built under a written contract and specifications; and defendant then offered those instruments in evidence, while the plaintiff was still upon the stand. *It seems* that such offer was premature; but if not, the error in rejecting it was *cured* by the *subsequent* admission of the evidence.

2. A judgment will not be reversed for the refusal of a nonsuit, if the evidence upon the absence of which the motion for a nonsuit was based, was *subsequently* supplied.

3. A question which unmistakably suggests to the witness the desired answer, is *leading.*

4. It rests in the sound discretion of the trial court to determine whether leading questions shall be admitted; and this court will reverse a judgment for the admission of such questions only where there appears to have been an abuse of such discretion, or where the question was allowed *to the appellant's injury,* against his objection made in proper form.

5. In general, the fact that the answer to a leading question was precisely that suggested by it, would create a presumption that the opposite party was injured by it; but where the witness was a party to the action, and the fact to which he so testified had been alleged in the same manner in his pleading, such presumption is rebutted.

6. *Barton v. Kane,* 17 Wis., 37, as to review in this court of matters resting in discretion, commented on, *as not intended to apply to cases where there has been a clear abuse of discretion.*

7. If the contract under which defendant's house was built required certificates of the superintending architect to be furnished from time to time, showing the amount and value of labor and materials for which payments should be made, still the acceptance of the house and the payment of the contract price therefor, by defendant, without requiring any such certificates, was a *waiver* of that provision of the contract; and plaintiff may now recover for the extra work and materials here sued for, without having furnished such certificates.

APPEAL from the Circuit Court for *Waukesha* County.

The plaintiff furnished materials for, and erected, a house for the defendant in Oconomowoc, at a price stipulated in a contract between the parties; and the defendant accepted the house, and paid the plaintiff the contract price therefor. This action is for materials and work, of the value of $679.66, alleged to have been furnished for and performed on said house, outside of the contract. The complaint consists of the appropriate common counts, and is accompanied by a bill of particulars, or an itemized account of the plaintiff's claim.

The answer alleges that such materials were furnished and such labor was performed under such contract between the parties; that the conditions of the contract were, that E. T. Mix should be the superintendent of the building, that the plaintiff should present to the defendant the certificate of Mix for payment for work and materials; and that no such certificate had been granted by Mix. The answer also contains counterclaims for damages to the amount of $400, caused by defective plastering; for a change in the contract in respect to an ice house, $80; and for stone of the value of $300, sold by defendant to the plaintiff.

The plaintiff filed a reply to such counterclaims, which contains a general denial, and certain specific averments of fact, among which is one to the effect that the stone mentioned in the answer was furnished by the defendant to one Davelaar (who, it seems, did the mason work in the erection of the house under a contract with the plaintiff), and the price of the stone was not charged by defendant to the plaintiff, but at the defendant's suggestion was charged by him to Davelaar for the purpose of offsetting a claim which the latter had against the defendant for work on such house, and, by the express direction of the defendant, the plaintiff settled with Davelaar and paid him off in full without charging him with the stone.

On the trial the plaintiff testified to the correctness of the account, the presentation of it to the defendant, and that the lat-

ter promised to pay it. On the cross examination of the plaintiff it was disclosed that the contract for the erection of the house was in writing, and that written plans and specifications were parts of it; and thereupon, while the plaintiff was still on the stand, counsel for defendant offered such writings in evidence. The court rejected them on the ground that the offer was made prematurely. They were subsequently received without objection.

When the plaintiff rested his case, and before such contract and specifications were read in evidence, the defendant moved for a nonsuit for the reason that, " there appeared to have been a written contract between the parties for the construction of the building into which this material and labor charged for in the complaint went; that the rights of the parties must be determined by that contract, and plaintiff could not sue except upon the contract." The motion was denied.

The defendant testified in his own behalf, and fully denied the specific averments of the reply concerning the stone. The plaintiff was then recalled in his own behalf, and testified that he contracted with the defenant for the stone, and that he afterwards let the mason and stone work for the house to Davelaar. Thereupon the following question was put to him by his counsel: " State to the court the arrangement made between you and *Mr. Rockwell*, if any, whereby *Mr. Rockwell* released you from the payment for that stone, and agreed to charge it to Mr. Davelaar." This question was objected to as leading; the objection was overruled, and the witness answered in substance that after the stone had been laid in the walls and measured, he mentioned to the defendant that the same had not been charged to witness because the defendant had requested that it should not be so charged, and the defendant replied that he wished it to remain as it was; he wished it to remain as an offset to a claim of Davelaar against him for extra work.

No exception was taken to the instructions given to the jury. The plaintiff had a verdict for $375, upon which, after a mo-

tion for a new trial had been denied, judgment was duly entered. The defendant appeals.

*Geo. F. Westover*, for appellant, to the point that the plaintiff could not sue, cited *Baasen v. Baehr*, 7 Wis., 516; *Smith v. Briggs*, 3 Den., 73; *Smith v. Brady*, 17 N. Y., 173; *McMahon v. R. R. Co.*, 20 id., 463; *Fox v. Railroad*, 3 Wall. Jr., 243; *Canal Co. v. Coal Co.*, 50 N. Y., 250.

*Warham Parks*, with *J. V. Platto*, of counsel, for respondent.

LYON, J. 1. We are inclined to think that the offer of the contract and specifications in evidence, by the defendant, while the plaintiff was being cross-examined, was premature, and hence, was properly rejected at that stage of the trial. But were it error to reject them in the first instance, their subsequent admission cured it. *Barton v. Kane*, 17 Wis., 37; *Barringer v. The People*, 14 N. Y., 593.

2. It is quite unnecessary to determine whether the motion for a nonsuit should have been granted or denied, for the testimony tends to show that the materials and labor for which this action was brought were not included in the written contract. It is immaterial at what stage in the trial such testimony was introduced. It is settled in this court by repeated decisions, that although there is no testimony which would sustain a verdict for the plaintiff when the motion for a nonsuit is denied, the judgment will not be reversed therefor, if such testimony be afterwards supplied by either party. *Dodge v. McDonnell*, 14 Wis., 553; *Barton v. Kane, supra; Martin v. The W. U. R. R. Co.*, 23 id., 437; *May v. The Buckeye Mutual Ins. Co.*, 25 id., 291; *Harper v. The City of Milwaukee*, 30 id., 365.

3. The question which was propounded to the plaintiff in his own behalf relative to the release of his liability for the price of the stone, unmistakably suggested to him the desired answer. It was therefore leading. 1 Greenl. Ev., § 434. But the court may, in its sound discretion, allow such questions, and this court has held that it will not reverse a judgment merely be-

cause the court below allowed them. *Barton v. Kane*, 17 Wis., 37. In that case DIXON, C. J., says: " Whether leading questions shall be permitted, rests in the sound discretion of the court in which the trial is had, and decisions in respect to them are not the subject of exception." (p. 42.) That there are adjudications by the courts of some of the states, which hold a different rule, must be conceded. *Turney v. The State*, 8 Smedes & Mar., 104; *The People v. Mather*, 4 Wend., 229. But the rule adopted by this court in *Barton v. Kane*, is sustained by courts of high authority. See *Stratford v. Sanford*, 9 Conn., 275; *Moody v. Rowell*, 17 Pick., 490. See also the dissenting opinion of CLAYTON, J., in *Turney v. The State*, *supra* (p. 124).

It should be observed on this subject that the interrogatories allowed in *Barton v. Kane* could not have prejudiced the defendant, and hence the objections thereto were purely technical. Although this circumstance is not commented on in the opinion, yet the remark of the learned chief justice, above quoted, must be understood to have been made with reference to the case before him and like cases, and was not intended to apply to a case where there had been a clear abuse of discretion. It is the constant practice of this court, on appeal, to review discretionary orders of various kinds, and to reverse them for abuse of discretion. Orders granting and refusing new trials in certain cases are familiar illustrations. Such orders are frequently discretionary, but, even when so, they will be reversed on appeal if it appear that the court below transcended the limits of sound discretion in making them. If a leading question be improperly allowed against the objection of the appellant (made in proper form), and to his injury, it is an abuse of discretion; and if it appears from the record that such injury resulted therefrom, no good reason is perceived why it should not be held that the error is fatal to the judgment. Furthermore, where the answer, in such cases, is precisely that suggested by the objectionable question, we are inclined to hold the presumption to be that the appellant is thereby injured, un-

less there are circumstances in the case which rebut such presumption.

In the present case the witness made the answer suggested by the question, and, but for a circumstance disclosed in the record, the allowance of the question would necessarily work a reversal of the judgment. The plaintiff, in his verified reply, alleged the same facts to which he testified in answer to the objectionable question. It is quite apparent from this, that before such question was put to him, the plaintiff had in his mind the facts to which he testified, and hence, that his testimony would have been the same had it been elicited by proper interrogatories. This, we think, rebuts the presumption which would otherwise exist, that the defendant was injured by the allowance of the question.

4. As to the failure of the defendant to procure the certificate of the superintendent named in the contract, of the value of the materials and labor in controversy: If any such certificate is required by the contract (which may well be doubted), we are of the opinion that the acceptance of the house and the payment of the contract price therefor, by the defendant, without requiring any such certificate, was a waiver of that provision of the contract. It was substantially so held in *Bannister v. Patty*, 35 Wis., 215. Indeed it does not appear that the provision was ever acted upon by the parties, and we find defendant claiming damages in this action for defective work and for changes of plans favorable to the plaintiff, both within the provision, without any reference whatever to any certificate or award of the superintendent.

5. There was testimony sufficient to support the verdict, and we fail to find any error in the rulings of the court on the trial of the action. Hence there is no error in the refusal of the court to set aside the verdict and grant a new trial.

It follows from the foregoing views that the judgment of the circuit court must be affirmed.

*By the Court.*— Judgment affirmed.