ENDLICH, Administrator, Plaintiff and Respondent, vs. BANK OF BLACK CREEK, Defendant and Respondent, and FIRST NATIONAL BANK OF APPLETON, Defendant and Appellant.

*November 6—December 3, 1929.*

176

For the appellant there was a brief by *Frank, Wheeler & Pelkey* of Appleton, and oral argument by *Julius P. Frank* and *Heber H. Pelkey.*

*Albert H. Krugmeier* and *Joseph Witmer,* both of Appleton, for the respondent Bank of Black Creek.

For the respondent Endlich there was a brief by *Benton, Bosser & Tuttrup* of Appleton, and oral argument by *Roger R. Tuttrup* and *Homer H. Benton.*

OWEN, J.  Doubtless the plaintiff should have recovered on its complaint against the Bank of Black Creek.  The deposit in that bank constituted it the debtor of the plaintiff.  In order to discharge this debt it was incumbent on the bank to pay the amount thereof to some one authorized to receive it.  It is elementary that payment to a person having no right to receive the money does not discharge the debt.  *Lochenmeyer v. Fogarty,* 112 Ill. 572; *McMahon v. German-American Nat. Bank,* 111 Minn. 313, 127 N. W. 7; 29 L. R. A.N. S. 67.  It is not claimed that Behnke had authority to indorse the certificate or to receive the money upon it.  Lacking this authority, he conveyed no title to the certificate to the First National Bank of Appleton.  The payment of the certificate to the First National Bank of Appleton by the Bank of Black Creek did not discharge its indebtedness to the plaintiff, and the plaintiff should have been permitted to recover on his complaint against the Bank of Black Creek.  It is equally clear that the Bank of Black Creek was entitled to recover from the First National Bank of Appleton upon the obligation assumed by that bank when it expressly guaranteed all prior indorsements, if, indeed, it would not be entitled to recover on the theory that the First National Bank of Appleton had received moneys to which it was not entitled.  *First Nat. Bank v. U. S. Nat. Bank,* 100 Oreg. 264, 197 Pac. 547, 14 A. L. R. 479.

The difficulty with the whole situation was that Behnke had no authority to indorse the certificate.  This lack of authority should have received the consideration of the First National Bank of Appleton.  It was in much better position to ascertain whether Behnke had this authority than was the Bank of Black Creek.  When the First National Bank of Appleton gave Behnke credit for the amount of the certificate and permitted him to check it out for his individual purposes, it had knowledge that Behnke was not cashing the

certificate for the benefit of the plaintiff. Although it was the duty of the Bank of Black Creek to ascertain whether Behnke had authority to indorse the certificate, no reason is perceived why it could not rely upon the guaranty of the First National Bank of Appleton that the indorsement was regular. We see no escape from the liability of the First National Bank of Appleton to the Bank of Black Creek either upon its guaranty of the indorsement or upon the theory that it had obtained money to which it was not entitled. Upon the authority of *Aebi v. Bank* of *Evansville,* ·124 Wis. 73, 102 N. W. 329, the First National Bank of Appleton was the owner of the certificate, if it should make any difference whether it was the owner or holder for collection. *United States F. & G. Co. v. Forest County State Bank,* 199 Wis. 560, 227 N. W. 27, does not overrule the doctrine announced in that case. In the latter case it was held that the transaction there under consideration was not intended to and did not constitute a sale or negotiation of the instrument in due course as between the parties. Furthermore, *Evenson v. Waukesha Nat. Bank,* 189 Wis. 170, 207 N. W. 415, conclusively establishes the liability of the First National Bank of Appleton directly to the plaintiff upon the theory that it had converted plaintiff's property.

The laches of the plaintiff, based upon his delay in bringing the action, is urged as a defense by both banks. This has sometimes been considered a material consideration where a drawee seeks to recover money paid out on a forged instrument. The right to recover in such cases rests upon equitable principles to no inappreciable extent. That is not the case here. The plaintiff was the owner of this certificate of deposit. It represented a debt owing to him by the Bank of Black Creek. No laches on his part short of the statute of limitations could defeat his right to recover.

The only difficulty we find with the case is the form of the judgment. That dismisses the plaintiff's complaint against the Bank of Black Creek with costs against the plaintiff.

The plaintiff has filed a notice of review of this portion of the judgment. He does not press the matter unless his judgment against the First National Bank of Appleton be reversed. Although plaintiff has not asked for judgment against the First National Bank of Appleton, the evidence supports the judgment. In view of the fact that the First National Bank of Appleton is the one ultimately liable, and plaintiff is satisfied with the judgment against it, we conclude not to disturb it. However, the judgment for costs in favor of the Bank of Black Creek against the plaintiff cannot stand. The judgment will be modified by striking out that part thereof awarding costs to the Bank of Black Creek against the plaintiff and, as so modified, will be affirmed.

*By the Court.*—Judgment modified as indicated in the opinion, and, as so modified, is affirmed. Respondents to recover costs.