WESCOTT, Respondent, vs. PEOPLES STATE BANK OF REESEVILLE, Appellant.

*October 16—November 10, 1931.*

The cause was submitted for the appellant on the brief of *August Kading* of Juneau, attorney, and *James F. Malone* of Beaver Dam and *Paul A. Hemmy, Jr.* of Juneau of counsel, and for the respondent on that of *Fawsett & Shea,* attorneys, and *C. F. Mikkelson* of counsel, all of Milwaukee.

FRITZ, J. In September, 1920, plaintiff deposited $500 with defendant, and received defendant's certificate of deposit payable to plaintiff. Interest was received annually by plaintiff excepting in 1927, and renewal certificates were issued annually and left in a box at the bank. The 1921 and 1922 certificates were also payable to plaintiff only, but the certificates issued in 1923 to 1926, inclusive, were payable to the order of plaintiff or her husband. In renewing the certificate in 1927, defendant issued it as payable to the order of plaintiff, her husband, or the bank itself; and when plaintiff wrote for the annual interest, defendant informed her that the interest belonged to defendant, and that the certificate would be used to pay plaintiff's husband's note. When all of the evidence was introduced, it was undisputed that the deposit had never been repaid to plaintiff; but defendant's proof showed that it had applied the deposit in satisfaction of a note of plaintiff's husband, who in 1926 had pledged the certificate, which was then payable to plaintiff or her husband, as collateral security for his note given to defendant. Plaintiff contended that such application of her deposit, in satisfaction of her husband's indebtedness, as well as the inclusion of her husband as one of the payees, upon the reissuance of certificates, was unauthorized by her and without her knowledge or consent. The trial court rightly concluded

that, under all of the evidence, the following issues were for the jury, to wit: Did plaintiff know of the change of the certificate, payable to her, to that made payable to herself or her husband; was she negligent in not inquiring as to the certificates at the bank; did she authorize or consent to making the certificates payable to herself or her husband; and did she know that the certificate had been given to the defendant as collateral to her husband's note. The jury answered each of those questions in the negative, and defendant contended, on motions after verdict and on this appeal, that the trial court erred in instructing the jury that the burden of proof to establish the affirmative of those issues was on defendant.

Upon receiving plaintiff's deposit the bank was obligated in the first instance to repay that deposit to her. Certificates therefor could not thereafter be made payable by the bank to any other or additional person, or applied by the bank to any other purpose, unless by her acts or conduct she authorized or consented to such change as to the payee or to such application. When payment to the depositor is relied upon as a defense, the burden of proof to establish such payment is upon the bank. So when the bank relies upon an application of the deposit in some other manner than payment to the original depositor, the burden is likewise upon the bank to establish acts or conduct on the part of the depositor which authorized or warranted such application of the deposit by the bank. In *Devine v. Bank of Baldwin,* 91 Wis. 68, 73, 64 N. W. 589, this court quoted with approval from *Weisser's Adm'rs v. Denison,* 10 N. Y. 68, 82, as follows:

"The duty and the risk of ascertaining when it was about to pay out money, that it was being paid upon competent authority, was upon the bank just as it is in all other cases upon the debtor to see to it that he pays his creditor and not some one else without authority."

In *Peart v. Schwenker,* 200 Wis. 200, 227 N. W. 945, as defense to an action by depositors to recover their deposits, the litigated issue was whether the depositors had authorized

the bank cashier to charge his personal note to the depositors' account, or, in other words, whether they had loaned part of their deposit to the cashier to use to discharge his note to the bank. The burden of proof as to that issue was imposed upon the defendant by the trial court's instruction, and in approving that charge this court said:

"The defense of payment is an affirmative defense. . . . The only issue here litigated was whether the bank had repaid to the plaintiffs the amount of their deposits. This was a defense set up by the bank to defeat plaintiffs' recovery. The burden of proving such defense rested upon it from the beginning to the end of the trial. This burden was not affected by the manner or order of proof."

It follows that in the case at bar the trial court rightly imposed upon the defendant the burden of establishing the ultimate facts upon which it relied to absolve or excuse it from its obligation to repay the deposit to plaintiff.

Error is also assigned because of the denial of defendant's motion for nonsuit. Defendant contends that at that stage of the trial the evidence was such, by reason of plaintiff's admission, that there remained no room for the jury to answer in plaintiff's favor the issues which were ultimately submitted to the jury. However, some of the evidence received during the defense and on rebuttal avoided the earlier defects in plaintiff's proof, and that final state of the evidence necessitated submittal of the issues to the jury for determination. Under those circumstances the erroneous denial of the nonsuit will not work a reversal of the judgment. In *McPherson v. Rockwell,* 37 Wis. 159, 162, this court said:

"It is settled in this court by repeated decisions that although there is no testimony which would sustain a verdict for the plaintiff when the motion for a nonsuit is denied, the judgment will not be reversed therefor, if such testimony be afterwards supplied by either party. *Dodge v. McDonnell,* 14 Wis. 553; *Barton v. Kane,* 17 Wis. 37; *Martin v. West-*

*ern Union R. Co.* 23 Wis. 437; *May v. Buckeye Mut. Ins. Co.* 25 Wis. 291; *Harper v. Milwaukee,* 30 Wis. 365."

To those citations may be added: *Timm v. Bear,* 29 Wis. 254; *Hamlin v. Haight,* 32 Wis. 237; *Rounsavell v. Pease,* 45 Wis. 506.

*By the Court.*—Judgment affirmed.