Ertman, Appellant, vs. Liberty State Bank, Respondent.

*November 10—December 6, 1932.*

600

601

For the appellant there was a brief by *Robert A. Kaftan* of Green Bay and *Lehner & Lehner* of Princeton, and oral argument by *Mr. Kaftan.*

*Sol. P. Huntington* of Green Bay, for the respondent.

FOWLER, J. The appellant claims that the court erred in changing the answers of the jury to the questions submitted to them and that on the findings of the jury and the undisputed evidence he is entitled to judgment for the amount of his deposit.

We are constrained to hold upon careful examination of the record that the findings of the jury designated (1) and (2) in the statement of facts are clearly supported by the evidence. To substantiate this it is only necessary to quote briefly from the plaintiff's testimony. He testified:

"I told him (the banker) that whenever the papers were all fixed up and this bond signed by the two bondsmen he should leave Clarence have the money."

On cross-examination the plaintiff testified:

"*Q.* You say you had the bank attend to this business for you? *A.* Yes.

"*Q.* And when you say bank you mean Ralph Wojak (cashier) and Brylski (assistant cashier)? *A.* Yes.

"*Q.* And you claim you asked them to get two responsible signers on this bond? *A.* Yes."

The findings of the jury being sustained, it remains to be considered whether upon those findings the bank is liable to the plaintiff. The bank claims that under the facts found the plaintiff made the cashier of the bank his agent for paying the money to Usiak and left it to him as his agent to see that a bond was procured before the money was turned over. We cannot accept this view. The plaintiff was manifestly dealing with the bank as a bank. His testimony so shows and the questions submitted to the jury imply this. His money was deposited with the bank, and his

intention was that it should remain in the bank as a deposit and that it should not be paid out except as he authorized its payment. The bank officials in drawing the cashier's check represented the bank and determined for the bank how the transaction should be carried on the bank's books, but the money itself remained in the bank as a deposit of the plaintiff. The check did not operate as a withdrawal by the plaintiff of his deposit. The plaintiff intended no such result. He took no part in and so far as the evidence shows knew nothing about the drawing or indorsing of the check. The cashier's check unindorsed by him was merely evidence of the deposit, as an unindorsed certificate of deposit would have been. The paying out of the money was controlled by the implied contract between a bank and a depositor that the deposit shall be paid out only upon authorization by the depositor. *Wussow v. Badger State Bank,* 204 Wis. 467, 234 N. W. 720, 236 N. W. 687; *Peart v. Schwenker,* 200 Wis. 200, 227 N. W. 945; *Endlich v. Bank of Black Creek,* 200 Wis. 175, 227 N. W. 866; *Wescott v. Peoples State Bank,* 206 Wis. 105, 238 N. W. 803. As stated in the case last cited, p. 107:

"Upon receiving plaintiff's deposit the bank was obligated in the first instance to repay that deposit to her (him). Certificates therefor (the cashier's check) could not thereafter . . . be applied by the bank to any other purpose, unless by her (his) acts or conduct she (he) authorized or consented to such application."

The respondent also claims that the securing of responsible bondsmen by the bank would be *ultra vires,* and that this defeats the plaintiff's claim. This argument goes on the assumption that by the transaction the bank was guaranteeing the responsibility of the bondsmen and that the ground for recovery is breach of its agreement of guaranty. If this were the situation, the respondent's position would doubtless be correct. But we do not so construe the transaction.

By the answer to question (1) the jury found that Usiak, not the bank, was to procure the bondsmen. By the answer to question (2) they found that the plaintiff stated to the bank that the bond must be signed by two responsible bondsmen before the money should be paid. The word "responsible" may be omitted from this finding, and the answer stands as a finding that the bond must be signed by two bondsmen before the money should be paid. It was not beyond the power or function of the bank to be bound by this direction as to payment of the money. The money was left on deposit in the bank for the specific purpose of being paid to Usiak on the condition stated. Holding money left on deposit for a specific purpose or directed to be applied to a specific purpose is no more *ultra vires* than depositing money for a specific purpose. Money so deposited becomes in effect a general deposit and the bank is held to the same liability as for a general deposit. Morse, Banks and Banking, sec. 210.

From the above it follows that the trial court should have entered judgment for the plaintiff upon the verdict as returned by the jury.

*By the Court.*—The judgment of the circuit court is reversed, with directions to enter judgment for the plaintiff against the defendant bank upon the verdict as returned by the jury.