By the Court—Hoffman, J.
The action was for a personal injury alleged to have been received by the plaintiff from the negligence and fault of the defendant, in not properly securing an excavation, opposite certain houses, for which he was contractor and part owner.
The injury was clearly proven. The plaintiff was exempted by the jury, under a proper charge of the judge to the point, from all negligence on her own part. There is no complaint as to the amount of damages.
A leading ground of defense is, that one Brady, and not the defendant, is responsible for the injury, if any one is so.
The clefendant is proven to have built a range of houses, under ah agreement by which he was to have a lease of two of them on his own account, and the accident happened in front of one of these two.
The defendant, and one Eberspacher, his partner, were parties to the original contract with the owners of the ground or houses, and they had made a contract with Thomas Brady, by which he was to make all the excavation necessary for the erection of the eleven houses, the mason work of which was to be performed by the defendant and his partner. By this agreement, Brady was to dig out all the ground and other matters now on the premises, and to blast the rocks required for cellars, &c., “ all accidents to be prevented by the contractor, (Brady,) by proper precautions, and all responsibility of damage or damages, whatsoever, that may be caused by blasting, or interrupting the sidewalks, shall be made good by the contractor, without any extra charge or after-cl aim whatever.”
The defendant moved to dismiss the complaint, on the ground of the sole liability of Brady, if there was any, which motion was denied, and an exception taken.
*128 It should be observed that the place of the accident was the sidewalk, opposite to one of the houses. There was no barrier, and the boards put across broke from the weight of the plaintiff. It was an areaway dug out from the house to the curbstone.
Eo license from any corporate authority, to dig the area, appears in the case.
I do not think the case would be substantially varied, (actual neglect properly to guard the excavation being shown,) if there had been a license proven; nor if we are bound, as counsel insist, to assume that it was obtained— that the defendants did not act without authority.
It seems to me that the principles of the case of Storrs v. The City of Utica, (17 N. Y. R., 104,) and the very pertinent decision of the Court of Appeals in Congreve v. Smith, (18 N. Y. R., 79 ; S. C., 5 Duer, 495,) make the defendant liable, even assuming that Brady may have been so.
Another ground of the motion for a nonsuit was, that the defendant’s partner, Eberspacher, ought to have been joined as a party defendant in the action. The case of Low v. Mumford (14 John. R., 426,) cited by the counsel of the plaintiffs, appears decisive of this point. (See also 1 Chitty Pl., 86.) It is in the nature of an action for a nuisance, caused by the acts of the defendants, and against which they had not protected passers by, and both are liable separately.
The court was asked to charge, that where a party has a license to construct a sewer at his own expense, if he contracts it to a third party, he is not liable for any accident occurring through the negligence of such third party. To a refusal so to charge an exception was taken.
Understanding this to mean a license from the proper municipal authority, there is no ground in the case for the request.
The exception taken to the question addressed to the plaintiff, as to the effect of the injury upon her and her situation, is untenable. She states in reply nothing but *129 facts, of which she in some respects could alone be fully-apprised, and in all was best apprised. There is no opinion of an expert elicited or requested.
Judgment must he ordered for plaintiffs on the verdict. Ordered accordingly.