## REYNOLDS v. SHANKS.

*Evidence.*

In an action for mason work upon a wall, where the defense was based on the alleged unskillful construction of the wall, a question put on the examination in chief of a witness for defendant (*not an expert*), "What was the condition of the wall at the time you examined it?" *held,* not to call for witness's *opinion* as to the *character* of the work, but to be admissible.

APPEAL from the County Court of *Milwaukee* County.

The defendant appealed from a judgment for the plaintiff.

The case will appear from the opinion.

*Finches, Lynde & Miller,* for appellant.

*C. K. Martin,* for respondent.

PAINE, J.  This action was to recover for mason work; and the defendant claimed to have been damaged by the improper and unskillful construction of the work.  She produced a witness who stated that he was a car builder, and having stated also that he had examined the wall in question, the defendant's counsel then asked: "What was the condition of the wall at the time you examined it?"

This was objected to, and excluded, upon the ground that it called for the opinion of the witness upon a matter of skill in

mason work, as to which he was not an expert. That he was not entitled to give such an opinion is clear. At the same time, that any witness is competent to state facts perceptible to his senses and not involving matters of opinion, was conceded by the counsel for the respondents. The point seems to be, therefore, as to the proper interpretation of the question itself. I think, strictly speaking, it is comprehensive enough to include those matters of opinion which only an expert could give. The condition of a wall may include, not only those things perceptible to the senses of any man who might examine it, but also the character of its construction, and the quality of the mortar, etc. But my brethren are of the opinion that the question, as ordinarily understood, would relate only to those matters of fact, not involving matters of opinion, which would be open to the inspection of any man, and that it should have been so construed in this case. I admit that such would be its ordinary interpretation, and am inclined to concur in their conclusion, that it should have been so understood on the trial. If in answer to it the witness had attempted to go beyond what was legitimate, and to give his opinion, he could have been checked, and informed that his opinion was not called for.

In the case of *Creed v. Hartman* (8 Bosw. 123), a question still more objectionable in its form was sustained. The action was for an injury occasioned by falling into an excavation in the sidewalk. The plaintiff was asked the following question : " State to the jury *the effect* of that injury upon you, and how your situation is." Undoubtedly, in stating the effect of an injury, a witness might include those matters of opinion which only an expert would be competent to give. But the witness in that case gave only facts which were matters of knowledge with her. And the court, in answer to the objection, said: " The exception taken to the question addressed to the plaintiff, as to the effect of the injury upon her, and her situation, was

untenable. She states in reply nothing but facts of which she, in some respects, could be fully apprised, and in all, was best apprised. There is no opinion of an expert elicited or requested." This must be upon the theory that such a question, addressed to a witness not offered as an expert, should be construed as calling only for those matters of knowledge which any witness is competent to give.

With this construction, the court should have allowed the question to be answered. And the judgment must be reversed, and a new trial had.

*By the Court.* — Judgment reversed, and a *venire de novo* awarded.