## JANUARY TERM, 1884.          119

Wright and husband vs. The City of Fort Howard.

WRIGHT and husband vs. THE·CITY OF FORT HOWARD.

*February 21 — March 18, 1884.*

*(1–3) Evidence of personal injuries: leading questions: opinions.  (4, 5)
Reversal of judgment: special verdict.  (6) Contributory negli-
gence.  (7) Excessive damages.*

1. In an action for injuries from a fall on a defective sidewalk, the
   plaintiff having been pregnant at the time, evidence (elicited by
   the question, " Did anything happen to you by reason of that
   fall?") that a miscarriage resulted, was competent.
2. After such evidence it was not an abuse of discretion to overrule
   an objection (on the ground that it was leading, immaterial, and
   incompetent) to the question, "State whether you are not now
   suffering from the effects of that fall?"
3. In an action for personal injuries the plaintiff may testify as to his
   pain, suffering, or internal condition so far as the same is percep-
   tible to his senses and does not require scientific skill or knowledge.
   Such evidence is of *facts*, not of mere opinion.
4. Where the evidence would have warranted the court in directing
   the jury to find certain facts which they did find, the manner of
   submitting those questions or the expression of an opinion that
   there was no evidence which would justify different findings, can-
   not be assigned as error.
5. The court may properly refuse to submit for a special verdict a
   question which, on the evidence, admits of but one answer.
6. Contributory negligence may be implied from admitted facts, or in-
   ferred as a matter· of fact from the plaintiff's own evidence; but
   there is no such thing as " contributory negligence implied by
   law."
7. Only in a clear case will the verdict in an action of tort be set aside
   on the ground that the damages are excessive.

APPEAL from the Circuit Court for *Brown* County.

Action to recover damages for injuries sustained by the
plaintiff *Sarah L. Wright* by reason of a defective sidewalk
in the defendant city.

· The evidence tended to show that as the result of a fall
upon such sidewalk the plaintiff wife suffered a miscarriage,
which was followed by *prolapsus uteri;* and that the injury
was probably permanent.

Wright and husband vs. The City of Fort Howard.

There was a special verdict to the effect (1) that the walk in question was out of repair at the time of the injury; (2) that the city authorities knew of its being out of repair; (3) that it had been out of repair for so long a time that such authorities should have known of its being out of repair; (4) that the sidewalk had been out of repair about three weeks when the plaintiff *Sarah* was injured; (5) that at or about February 28, 1880, the plaintiff *Sarah* fell on said sidewalk, and received injuries by said fall; (6) that such fall and injuries were occasioned by the want of repair of the sidewalk; (7) that the injuries sustained by the plaintiff *Sarah* were permanent, as the jury believe; (8) that the said *Sarah* was exercising ordinary care when she was thrown on the sidewalk and received her injuries; (9) that the defendant's street commissioner did not, just prior to the time of the happening of the injury, put the sidewalk in question in a good and safe state of repair; (10) that the plaintiffs sustained damages on account of such fall and injury to the amount of $2,770.83.

Upon that verdict judgment for the plaintiffs was entered, and the defendant appealed.

*Charles E. Vroman,* for the appellant, contended, *inter alia,* that the questions put to the plaintiff were intended to call from her, her *opinion* that the miscarriage was the result of the fall, or were directed to matters upon which expert testimony only was admissible. *Kelley v. Town of Fond du Lac,* 31 Wis., 185; *Montgomery v. Town of Scott,* 34 id., 338; *Oleson v. Talford,* 37 id., 327; *Griffin v. Town of Willow,* 43 id., 509; *Benedict v. Fond du Lac,* 44 id., 495; *Mellor v. Town of Utica,* 48 id., 457; *Veerhusen v. C. & N. W. R'y Co.,* 53 id., 689. The court charged the jury that there might be a recovery not only for the loss of the wife's service, but also for the expense of labor substituted therefor, and admitted evidence of such expense, thus permitting a double recovery. *Drinkwater v. Dinsmore,* 80

N. Y., 390; *Whitney v. Hitchcock*, 4 Denio, 461; *Hyatt v. Adams*, 16 Mich., 180; *Kurr v. Parks*, 44 Cal., 46; *Castanos v. Ritter*, 3 Duer, 370.

For the respondents there was a brief by *Hudd & Wigman*, and oral argument by *Mr. Hudd*.

CASSODAY, J. Counsel for the defendant assigns as error (1) that the court improperly overruled certain objections to questions put to the plaintiff *Mrs. Wright* while being examined in her own behalf. After describing her fall, and stating her pregnancy at the time, she was asked: "Did anything happen to you by reason of that fall?" This was objected to as incompetent, and the objection was overruled, and the defendant excepted. To that question the witness answered, in effect, that she fell on Saturday afternoon, and had a miscarriage the following Monday; that she went home as usual, but that it was hard getting there, and that she felt faint. Neither the question nor the answer seems open to the objection made. Objection on the ground of incompetency generally goes to the fitness, ability, or capacity of the witness — the quality, fitness, adequacy, or legal sufficiency of some document, record, writing, or other evidence. It is sometimes inadvertently used in the sense of irrelevancy or immateriality. But the evidence in question was within the issue, and bore directly upon the question of damages. In no sense can it be regarded as incompetent.

2. The same witness was also asked this question: "State whether you are not now suffering from the effects of that fall?" This was objected to as leading, immaterial, and incompetent. Certainly it was neither incompetent nor immaterial, for the reasons just given. A leading question is one which unmistakably suggests the desired answer. *McPherson v. Rockwell*, 37 Wis., 159. The only word in the question tending to suggest such answer is the word "not." In view of the fact that she had already testified in effect

that the fall produced a miscarriage, which must necessarily have caused suffering, we cannot say there was any abuse of discretion in overruling the objection. *Ibid.* The leading feature of the question only went to the continuation of the suffering.

3. The same witness was also asked this question: "What injury are you suffering from now in consequence of that fall?" This was objected to as immaterial and incompetent, and for the further reason that the witness had not shown that she had medical knowledge, or was capable of testifying as an expert. The question was certainly material and competent for the reasons given. Was it objectionable for want of medical knowledge or capacity of the witness to testify as an expert? The mere opinion, without knowledge, of a non-expert is inadmissible. *Yanke v. State,* 51 Wis., 469. But here the inquiry was as to what injury the witness herself was then suffering from in consequence of the fall? It did not necessarily call for the exercise of any scientific knowledge or skill. It called for facts relating to the then present condition of the witness,— her suffering and the source of it. The nature of the injury was such that the cause of her suffering was more or less latent and concealed from common observation, and yet necessarily perceptible to the senses of the witness. It, in effect, asked her what pain or disability she was then enduring in consequence of the fall. It is very much like the question put to the plaintiff witness who sued for personal injury in *Creed v. Hartman,* 8 Bosw., 123, which was this: "State to the jury the effect of that injury upon you, and how your situation is." And it was held admissible, on the ground that there was no opinion of an expert elicited or requested. It simply called for " facts of which," the court said, " she, in some respects, could alone be fully apprised, and in all was best apprised." That case was affirmed in the court of appeals; but, seemingly, counsel abandoned that objection, for it re-

ceived no attention in that court. 29 N. Y., 591. To the same effect is *South & N. A. R. R. Co. v. McLendon*, 63 Ala., 266; Lawson on Exp. & Op. Ev., 470 *et seq. Mrs. Wright* was certainly much better qualified to state her own internal condition, her own pain and suffering, and perhaps the source and cause of it, than any one else, and especially better than any non-expert. But courts have gone further, and held·that unskilled witnesses are not precluded from testifying to such facts as come within their own observation, relating to ordinary injuries or sickness of those with whom they have consorted. *Sydleman v. Beckwith*, 43 Conn., 9; *Parker v. B. & H. Steamboat Co.*, 109 Mass., 449; *Comm. v. Sturtivant*, 117 Mass., 122; *Thompson v. Stevens*, 71 Pa. St., 161; *Elliott v. Van Buren*, 33 Mich., 49; *Wilkinson v. Moseley*, 30 Ala., 562; *Rogers v. Crain*, 30 Tex., 284; 1 Greenl. on Ev., § 440, and notes. The rule seems to be based on the ground of necessity, and confined to cases where the subject of inquiry is so indefinite and general as not to be susceptible of direct proof, or where the facts are so numerous or changeable as to be incapable of being held in the memory or detailed to the jury. *Ibid.* We must therefore conclude that where a plaintiff sues for personal injury and is a witness in his own behalf, and his pain, suffering, or internal condition is pertinent to the issue and perceptible to his senses, a question put to such party eliciting a description of such pain, suffering, or condition, and not necessarily requiring scientific skill or knowledge, is a question calling for *facts*, and not *mere* opinion.

4. The court submitted to the jury the question whether the plaintiff *Sarah*,.at or about the time described in the complaint, fell on the sidewalk and received injuries by the fall. The jury answered, yes. The court also submitted to the jury the question whether the plaintiff *Sarah* was in the exercise of ordinary care when she was thrown on the sidewalk and received her injuries. They. answered, yes.

Complaint is made that, in submitting each of these questions, the judge expressed himself to the effect that he knew of no evidence in the case that would justify them in answering either question in the negative. The first question does not find that the miscarriage was the result of the fall, nor the extent of the injury, but simply that she fell and was injured. We find no evidence to the contrary. Upon the undisputed evidence, the court would have been justified in directing the jury to answer each of these questions as they did. *Berg v. C., M. & St. P. R'y Co.*, 50 Wis., 419; *Gammon v. Abrams*, 53 Wis., 323; *Schweitzer v. Connor*, 57 Wis., 177. This being so, the defendant is in no position to avail itself of error in the manner of submitting either of those questions — much less in the mere expression of an opinion as to the absence of such evidence.

5. We do not understand that the court charged the jury that the plaintiffs might recover not only for loss of the wife's services, but also for the expense of labor substituted for the ordinary service of the wife. The charge did direct them that they " must consider all the evidence touching " those and the other facts in the case. But when the court came to tell the jury what they should allow as damages, if they found for the plaintiffs, there is nothing said as to the expense of such hired help.

6. Error is assigned for refusing to submit to the jury the question, " Did slight want of ordinary care on the part of the plaintiff *Sarah L. Wright* exist at the time of the accident, and did that materially contribute to the injury ? " and then refusing to instruct the jury that "a slight want of ordinary care assisting the accident, contributing to it, is the contributory negligence implied by law,— is the negligence mentioned in the question submitted." For the want of sufficient evidence to support an affirmative finding, the court properly refused to submit to the jury the question proposed. For the same reason, the court properly refused

Wright and husband vs. The City of Fort Howard.

to instruct the jury upon that question. *Cronin v. Delavan,* 50 Wis., 375. Besides, the instruction itself was erroneous. There is no such thing as "contributory negligence implied by law." It may be implied from admitted facts. *Hoth v. Peters,* 55 Wis., 411. So it may be inferred, as a matter of fact, from the plaintiff's own evidence, if it be such as to justify the inference. *Ibid.*

7. Error is assigned because the court refused to set aside the verdict and grant a new trial on the ground that the findings to the effect that the city authorities had knowledge, actual and constructive, of the defective condition of the sidewalk, at and previous to the time of the accident, were against the weight of evidence. It is enough to say, upon this question of fact, that each member of the court has carefully examined the record, and none of us feel authorized to reverse the judgment for want of evidence.

Nor would we be justified in reversing the judgment on the ground of excessive damages. There was evidence tending to prove and the jury found that the injuries were permanent. This being so, we are not convinced that the jury were misled by passion, prejudice, or ignorance. The power of setting aside verdicts for excessive damages in actions of tort is very sparingly used, and never except in a clear case. *Corcoran v. Harran,* 55 Wis., 128.

*By the Court.*— The judgment of the circuit court is affirmed.