BOEHM, Respondent, vs. DULUTH, SOUTH SHORE & ATLANTIC RAILWAY COMPANY, Appellant.

*November 26 — December 17, 1895.*

*Railroads: Ejection of passenger from freight train: Evidence: Instructions to jury: Damages: Construction of statutes.*

1. Plaintiff bought a first-class ticket of defendant's station agent and got upon a freight train going to his destination, but the conductor refused to accept the ticket and put him off the train because he would not pay in cash. In an action for damages by reason of such ejection, the evidence — tending to show, among other things, that defendant's freight trains usually carried passengers at that time, and that it sold tickets for its regular freight trains; that plaintiff told the station agent, when buying his ticket, that he wanted to go on the first train, whether freight or passenger; that the agent told him this was his train; and that the conductor assented when the agent told him plaintiff wished to go on that train — is *held* to sustain a verdict for the plaintiff.

2. It was not error, in such case, to charge the jury that it is ordinarily the duty of passengers to make due inquiry of the proper railway authorities as to whether a given train stops at the station where they desire to go, and that trainmen should use diligence in warning passengers not to board or remain upon a wrong train.

3. Nor was it error to charge that "when a railroad company ordinarily carries passengers upon its freight trains, if a passenger in good faith boards such a train, and is not informed to the contrary before the train leaves, he becomes a passenger, and is entitled to ride to the first station, if there is nothing in the situation or condition of the train by which he might infer that it did not carry passengers."

4. Nor was it error to charge that in assessing damages the jury might, among other things, "take into consideration the plaintiff's, personal *inconvenience,* loss of time," etc. Remarks to the contrary in *Jenson v. C., St. P., M. & O. R. Co.* 86 Wis. 597, *held obiter.*

5. Sec. 1818, R. S., authorizing a conductor to eject a passenger refusing to pay his fare "at any usual stopping place, or near any dwelling house," by necessary implication prohibits the forcible ejection of such passenger at other places.

APPEAL from a judgment of the circuit court for Ashland county: JOHN K. PARISH, Circuit Judge. *Affirmed.*

This is an action for damages sustained by the plaintiff by reason of having been ejected from a train on the defendant's railway, Saturday, April 15, 1893. The answer consists of admissions and denials. At the close of the trial the jury returned a verdict in favor of the plaintiff, and assessed his damages at $350. From the judgment entered thereon the defendant appeals.

For the appellant there was a brief by *Tomkins & Merrill,* and oral argument by *W. M. Tomkins.*

For the respondent there was a brief by *Sanborn, Dufur & O'Keefe,* and oral argument by *A. W. Sanborn.*

CASSODAY, C. J. 1. There is evidence tending to prove that at the time mentioned the plaintiff was at Sanborn, a station on the defendant's railway; that he was desirous of going to his home at Ashland, about twenty miles distant, where his wife was then sick; that to go there by railway it was necessary for him to go on the defendant's road to Marengo, a station on that road, about five miles east of Sanborn, where that railway made connection with the Wisconsin Central; that he told the station agent at Sanborn that his wife was sick, and he wanted to go to Marengo on the first train, whether freight or passenger; that the agent sold him a first-class ticket to Marengo; that about that time the freight train on its way to Marengo came into the station; that the plaintiff then asked the station agent if

that was the train he should go on, and that the agent an-
swered that it was; that there was a caboose on that train,
with seats on the side; that the conductor came out of it,
and the station agent told him that the plaintiff wanted to
go to Marengo on that train, and he told the plaintiff it was
all right; that the train started, and, after going about a
mile and a half, the conductor came to the plaintiff for his
fare; that the plaintiff handed to him the ticket so purchased,
but that he refused to take it, and demanded the fare in
money; that the plaintiff refused to pay in money, and in-
sisted on the conductor taking the ticket; that the conductor
then put him off the train, and in getting off he fell down
the bank and was injured; that he was compelled to walk to
Marengo; that he missed the Central train, and was com-
pelled to walk to Ashland; that the freight trains on the
defendant's railway usually carried passengers at that time,
and the defendant sold tickets for its regular freight trains;
that the plaintiff subsequently ascertained that the ticket
was dated Monday, April 17th, instead of Saturday, April
15th.    The evidence is undisputed that the plaintiff bought
the ticket, got upon the train, and that the conductor re-
fused to accept the ticket, and put the plaintiff off the train
because he would not pay in cash as indicated; but as to the
other facts stated there is a conflict in the evidence.    We
must hold that there is evidence sufficient to support the
verdict.    *Lucas v. M. & St. P. R. Co.* 33 Wis. 41.    There
was no error in charging the jury to the effect that, if the
facts mentioned were true, then the defendant was liable in
damages to the plaintiff.

2. We do not think there was any error in charging the
jury to the effect that it was ordinarily the duty of passen-
gers to make due inquiry of the proper railway authorities
as to whether a given train stops at the station where they
desire to go, and that trainmen should use diligence in warn-
ing passengers not to board or remain upon a wrong train.

3. We do not think it was error for the court to charge the jury that "when a railroad company ordinarily carries passengers upon its freight trains, if a passenger in good faith boards such a train, and is not informed to the contrary before the train leaves, he becomes a passenger, and is entitled to ride to the first station, if there is nothing in the situation or condition of the train by which he might infer that it did not carry passengers." There is certainly evidence tending to prove that the defendant was in the habit of selling tickets for regular freight trains.

4. We do not think the jury were misled by the portion of the charge which reads: "Under our law, a conductor cannot put a passenger off his train except at the usual stopping places, or near a dwelling house." True, as contended, the statute authorized the conductor to eject a passenger refusing to pay his fare "at any usual stopping place, or near any dwelling house." R. S. sec. 1818; *Phettiplace v. N. P. R. Co.* 84 Wis. 412. But this statute, by necessary implication, prohibits the forcible ejection of such passenger at other places. *Patry v. C., St. P., M. & O. R. Co.* 77 Wis. 218.

5. Exception is taken because in charging the jury on the subject of damages the court told them, in effect, that they might, among the other things therein mentioned, "take into consideration the plaintiff's personal *inconvenience*, loss of time," etc. In support of such exception counsel rely upon what was said by our late Brother Orton in *Jenson v. C., St. P., M. & O. R. Co.* 86 Wis. 589, 597. But, as it was held in that case that the plaintiff had no cause of action whatever, it is very obvious that the question of damages was not involved, and, of course, could not have been decided. In a case like this, "inconvenience" is certainly a permissible element of damage. *Brown v. C., M. & St. P. R. Co.* 54 Wis. 342; *McNamara v. Clintonville*, 62 Wis. 212; *Hobbs v. L. & S. W. R. Co.* L. R. 10 Q. B. 111, as modified by *McMahon v. Field*, 7 Q. B. Div. 591.

Bank of Iron River vs. School Directors of Iron River and others.

There seems to be no other question in the case of sufficient importance to call for consideration.

*By the Court.*— The judgment of the circuit court is affirmed.

As to the place where one refusing to pay fare may be ejected from a train, see note to *Burch v. B. & P. R. Co.* (3 D. C. App. Cas. 346) in 26 L. R. A. 129. — REP.