Gutkind vs. The City of Elroy.

---

GUTKIND, Respondent, vs. THE CITY OF ELROY, Appellant.

*November 16 — December 10, 1897.*

*Defective sidewalks: Notice before suit: Contributory negligence: Remarks by court.*

1. The requirement of sec. 1339, R. S., that no action shall be maintained for an injury resulting from a defective street without the service of a notice of the injury and damage and the place where it occurred, within a specified time, is sufficiently complied with by the service of such notice upon the proper clerk immediately before the service of a summons and complaint in the action.

2. In an action for an injury received by the plaintiff in slipping from steps in a sidewalk, the jury could not be misled by a remark of the court to counsel that the condition of the street lamp on the night when the accident occurred might be shown as bearing upon the

question of plaintiff's contributory negligence, but was not controlling nor of very great importance, where by its instructions it submitted to them the question whether there was a defect in the sidewalk by reason of its not being sufficiently lighted or being guarded by a rail.

3. It cannot be said that, as a matter of law, one who in descending steps in a sidewalk, where the street lamp gave but a feeble light, reached for but did not find any railing, and fell, was guilty of contributory negligence, but the question was one for the jury.

APPEAL from a judgment of the circuit court for Juneau county: O. B. WYMAN, Circuit Judge. *Affirmed.*

The case is stated in the opinion.

*G. Stevens,* for the appellant, argued that the previous service of notice of injury was a condition precedent to the commencement of the action. Here the notice was not served prior to, but simultaneously with, the summons and complaint, and was useless as a notice. *Dorsey v. Racine,* 60 Wis. 292, and cases cited; *Gregg v. Weathersfield,* 55 Vt. 385. The remark of the judge in respect to the slight importance of the question whether the street was lighted or not was an unwarranted invasion of the province of the jury, and could not fail to injure the defendant. *Hair v. Little,* 28 Ala. 236; *Johnson v. Kinsey,* 7 Ga. 428; *McMinn v. Whelan,* 27 Cal. 300; *Comm. v. Barry,* 9 Allen, 276; *Thorp v. Goewey,* 85 Ill. 611; *McKindly v. Dunham,* 55 Wis. 515; *Lampe v. Kennedy,* 60 id. 110; *U. S. Exp. Co. v. Jenkins,* 64 id. 542.

*J. B. Smith,* for the respondent. [No brief on file.]

CASSODAY, C. J. Main street, in *Elroy,* runs north and south, and Elroy street crosses it at right angles. The Wisconsin House is situated on the corner,— west of Main street, and north of Elroy street. From Main street westward, Elroy street ascends quite rapidly. On the evening of January 16, 1896, the plaintiff was stopping, as a guest, at the Wisconsin House; and, as such, he had occasion to pass from the hotel out upon the sidewalk on the north side of Elroy

street, and from thence upon the walk up the hill towards
the west for a distance of some eighty- or one hundred feet
from Main street, and then to return.   The walk appears to
have been about four feet wide, and a certain part of the
same consisted of four or. five steps, each elevated eight
inches above the other, but with no railing on either side.
The plaintiff testified to the effect that he passed up the
steps without difficulty, but that on his return he felt with
his foot for the step; that he thought there ought to be a
railing there, and so reached for one; that it was dark,—
the street lamp giving but a dim light,— and so he fell, and
was injured.   This action is brought to recover damages for
such injury.   Issue being joined and trial had, at the close
of the trial the jury returned a general verdict in favor of
the plaintiff, and assessed his damages at $200.   From the
judgment entered thereon the defendant brings this appeal.

1. Error is assigned because the court refused to sustain
the demurrer *ore tenus*.   The ground of this contention is
that the complaint fails to allege that the notice required
by sec. 1339, R. S., was served before the action was in
fact commenced.   The statute is that "no such action shall
be *maintained*" without the service of such notice within
the time prescribed.   Id.   The complaint does allege that
the notice was served March 13, 1896, and a copy of such
notice is annexed to the complaint.   The proof is to the ef-
fect that such notice was served on that day, and that the
summons and complaint were served immediately after-
wards, on the same day.   This court has frequently held
that such service must be alleged in the complaint, and, if
denied, must be proved on the trial.   *Susenguth v. Rantoul*,
48 Wis. 334; *Benware, v. Pine Valley*, 53 Wis. 529; *Sowle
v. Tomah*, 81 Wis. 351.   That was done in the case at bar.
Although, as contended, the purpose of the statute may
have been to enable the municipality to settle before suit
brought, yet it fails to require the service of such notice any

specific length of time prior to the service of the summons and complaint. This court must enforce such conditions as have been prescribed by the legislature, but has no authority to prescribe other conditions. In other words, the functions of the court are not legislative, but only judicial.

2. Error is assigned because, during the trial, the court said to counsel, in the presence of the jury, that the condition of the street lamp on the night in question was a circumstance competent to be shown as bearing upon the alleged contributory negligence of the plaintiff, but that it was not controlling, nor of very considerable importance. But the court, in charging the jury, submitted to them the question whether there was a defect in the sidewalk, by reason of its not being sufficiently lighted, or by reason of its not being guarded by a railing. This was sufficient to prevent the jury from being misled by such casual remark to counsel.

3. The court properly refused to hold, as a matter of law, that the sidewalk was not defective, or that the plaintiff was guilty of contributory negligence. The absence of the railing, and the dimness of the light, made the case properly for the jury, within the rulings of this court in *McNamara v. Clintonville*, 62 Wis. 207.

*By the Court.*— The judgment of the circuit court is affirmed.