COSTELLO, Respondent, v. ST. LOUIS TRANSIT COMPANY, Appellant.

St. Louis Court of Appeals, May 8, 1906.

1. STREET RAILWAYS: Carriers of Passengers: Contributory Negligence. By attempting to board a street car on the inside, away from the curbing, when the car was an open one with a running board on each side, a passenger was not guilty of. negligence which contributed to an injury she received by the sudden starting of the car.

2. DAMAGES: Personal Injuries: "Physical Inconvenience." In an action for personal injuries by a married woman, an instruction authorizing a recovery for pain of body and mind and "physical inconvenience" was not error.

Appeal from St. Louis City Circuit Court.—*Hon. Jesse A. McDonald,* Judge.

AFFIRMED.

*Edward P. Walsh* for appellant; *Boyle & Priest* and *George W. Easley* of counsel.

(1) The court erred in refusing defendant's demurrer to plaintiff's evidence, and its requested peremptory instruction. A person becomes a passenger on a street car by a contract express or implied, at a place provided for that purpose, and where and in a manner that people are expected to take passage. But a person does not become a passenger by attempting to board a car at a place and in a manner not expected, and when the trainmen are ignorant of her presence. Washington, etc., Co. v. Grant, 11 App. Cas. (D. C.) 107; McCarty v. Railway, 105 Mo. App. 601, 80 S. W. 7. (2) Plaintiff's third instruction should not have been given. This instruction authorized the jury to compensate her

"for any pain of body or mind, including physical inconvenience, which the jury may believe she has suffered or will hereafter suffer by reason of said injuries and directly caused thereby." Plummer v. Trast, 81 Mo. 425; Blair v. Railway, 89 Mo. 334; Schouler, Husband and Wife, secs. 143, 294, 295; Newell v. Transit Co., 108 Mo. App. 530, 84 S. W. 195.

*A. R. Taylor* for respondent.

(1) There is no question but that the evidence for the plaintiff made a clear case for a recovery under the law of carriers of passengers. The citations for appellant under his first point have no relevancy, because this car was stopped at a place intended for reception and discharge of passengers. Becker v. Lincoln & Co., 174 Mo. 252, 73 S. W. 581; Keler v. Railroad, 27 Minn. 182; Hutchinson on Carriers, sec. 617; Scammel v. Railroad, 102 Mo. App. 202, 76 S. W. 660; O'Mara v. Railroad, 102 Mo. App. 208, 76 S. W. 680. (2) The last of plaintiff's instruction to catch the anathema of appellant's criticism is its third instruction given. Here appellant invokes the opinion of this court in the case of Newell v. Railroad, 108 Mo. App. 532, 84 S. W. 195; Kroner v. Railroad, 107 Mo. App. 45, 80 S. W. 915.

GOODE, J.—This plaintiff got hurt while attempting to board a trolley car at the intersection of Easton and Taylor avenues in the city of St. Louis. She, with her husband and a friend, had been to West End Heights, a pleasure resort west of the city, and were returning. The accident happened July 5th, a legal holiday, July 4th, having fallen on the preceding Sunday. The party came back to the city on a car which they had taken at the intersection of Taylor and Chouteau avenues, intending to transfer to the Easton avenue line when that thoroughfare was reached. Taylor avenue runs north and south and Easton avenue east and west.

Plaintiff and her party left the Taylor avenue car at the north crossing of Taylor and Easton avenues. At that instant the car to which they wished to transfer was standing on Easton avenue at the east crossing of the street. It was a car of the summer pattern, with running-boards along both sides so that persons could get on and off at either side. As plaintiff was on the north crossing of Taylor avenue, the north side of the Easton car was nearest her; therefore she hastened across the street and attempted to board the car on that side. Just as she put her foot on the step of the car it started. The motion threw her off the step, but she was caught by her husband and prevented from falling to the ground. The injury was to her hand and ankle. The conductor of the Easton avenue car was on the rear platform at the time, and it seems several passengers had left the car; one on the north side and some on the south. The conductor was watching the exit of the passengers and did not observe plaintiff. He gave the signal to the motorman to start before she had obtained a secure footing. The above is the account of the occurrence given by the plaintiff and her witnesses.

For the defendant the testimony of two witnesses tended to show plaintiff hurried across from the Taylor avenue car to the Easton avenue one, and just as she was stepping on the latter car the conductor gave the signal to go. The conductor himself swore that before ringing the bell for the motorman to go ahead, he looked along both sides of the car and saw no persons waiting to board it. He must have been mistaken as to no one being about to get aboard, unless all the other witnesses were mistaken; for plaintiff was in the act of stepping on the car when he rang the bell.

The case was very well instructed and we think the points raised on the appeal, except the one respecting the measure of damages, are frivolous. The main contention is that plaintiff attempted to board the car at

the wrong side. But there was no testimony to prove an exclusive custom for passengers to get on such cars on the side nearest the curbstone. It is true passengers enter closed cars from the side nearest the sidewalk; but the car in question was an open one, provided with a running-board on either side, and with nothing to prevent a person from entering and leaving it on either side. In fact, the conductor had just let one passenger off on the north side. If the intention was that persons should take passage on the side of the car nearest the sidewalk, some means to prevent their entrance on the other side should have been used. It was as much the duty of the conductor to see that no person was in the act of taking passage on the north as on the south side. He knew this and swore he looked along both sides before signalling to start. The court left it to the jury to say whether reasonable time was afforded plaintiff to get on before starting the car; and this was the correct way to treat the question.

The instruction on the measure of damages allowed a recovery for such pain of body and mind and physical inconvenience as the jury might believe plaintiff had, or would, suffer from her injury. It is argued that as plaintiff is a married woman, in permitting her to recover for physical inconvenience she was permitted to recover for time lost from her household duties; and, therefore, the charge was erroneous. There is no intimation in the instruction that plaintiff was entitled to recover for loss of time, and it would be strained reasoning to say that because she was allowed damage for physical inconvenience, this was tantamount to an allowance for earnings or loss of time. Likely it would have been proper to instruct the jury that plaintiff could not recover for time lost from household work, had defendant asked that charge, but it did not. It follows that no error occurred in advising the jury concerning the assessment of damages, unless allowing dam-

ages to be assessed for any physical inconvenience plaintiff may have suffered was wrong. In Jenson v. Railroad, 86 Wis. 589, 22 L. R. A. 680, a charge permitting the jury to allow damages for inconvenience endured as the result of a personal injury was condemned. But that ruling was itself condemned as obiter in the later case of Boehue v. Railroad, 91 Wis. 592, an action based on a tortious ejection of the plaintiff from one of the defendant's trains. Damages for the inconvenience and annoyance of being forced to walk to stations have been indorsed as proper in such cases by several court. [Hobbs v. Railroad, L. R. 10 Q. B. 111; McMahon v. Field, 7 Q. B. Div. 591; Cincinnati, etc., Railway v. Eaton, 94 Ind. 474; Baltimore, etc., Railway v. Carr, 72 Maryland 135, 144.] Those were actions wherein the contracts for the carriage of the several plaintiffs had been broken. In Root v. Railroad (Iowa), 83 N. W. 904, making the inconvenience of the injured plaintiff an element of damage was criticised on the ground of vagueness. In Walter v. Steamship Co., 6 N. Y. St. Rep. 664, it was approved, and inconvenience held not to be equivalent to loss of time or earnings. Charging the jury to consider the plaintiff's inconvenience in consequence of the injury was approved in Smith v. 3 Sup. Ct. (Pa.) 495; Scott Twp. v. Montgomery, 95 Pa. St. 444 and Goodhart v. Railroad, 177 Pa. St. 1. Sedgwick says inconvenience amounting to physical discomfort is a subject of compensation. [1 Sedgwick, Damages (8 Ed.), sec. 42.] A sprained ankle could subject a person to much annoyance when no pain was suffered — annoyance from controlling the movements of the limb in order to avoid pain. We see no reason why this suffering should not be compensated; and as the instruction in this case authorized damages for plaintiff's physical inconvenience, it was directed aptly to the very annoyance she endured.

The judgment is affirmed. All concur.