**Harrison GREENE, Jr., Appellant,**

**v.**

**Lee W. ANDERS et ux., Appellees.**

**No. 5030.**

Court of Civil Appeals of Texas, Waco.

Oct. 28, 1971.

Rehearing Denied Nov. 24, 1971.

Naman, Howell, Smith & Chase, Waco, for appellant.

Jones, Francis & Youts, Waco, for appellees.

## OPINION

HALL, Justice.

Automobiles being driven by Mrs. Lee W. Anders and the appellant, Harrison Greene, Jr., collided in an intersection that was controlled by traffic signal lights. Mr. and Mrs. Anders brought this lawsuit against Greene seeking damages for personal injuries allegedly suffered by Mrs. Anders, and for property loss. American States Insurance Company intervened, alleging that it carried the collision coverage on the automobile owned by the Anders; that it had paid them $548.45 as a result of damages to their vehicle caused by the collision; that it was subrogated to their claim against Greene for their property damage; and that it sought recovery of $548.45 from Greene.

Answering special issues numbered as follows, the jury (1) found that Greene entered the intersection on a red light, (2) which was a proximate cause of the collision; (3) found that Greene failed to keep a proper lookout, (4) which was a proximate cause; (5) found that Mrs. Anders was injured in the collision, and awarded her (6a) $4,000 for past physical pain and mental anguish; (6b) $1,150 for future physical pain and mental anguish; (6c) $500 for loss of earnings, (7) $366.45 for past "medical, chiropractic and hospital care," and (8) $100 for necessary chiropractic care in the future; (9) failed to find that Mrs. Anders entered the intersection on a red light; (11) failed to find that Mrs. Anders entered the intersection "at such time that she would be crossing such intersection when the red signal was shown for her direction of travel;" (13) failed to find that Mrs. Anders failed to keep a proper lookout; and (15) found that the accident was not unavoidable. The parties stipulated that the Anders' automobile was damaged in the amount of $598.45.

Judgment was rendered on the verdict and the stipulation, awarding the Anders their damages for medical expenses and personal injuries plus $50 for the deductible portion of their collision policy; and awarding American States Insurance Company $548.-45.

In his first point, Greene assigns error to the refusal of the trial court to submit his requested issues and instruction to the jury, which would have inquired whether Mrs. Anders failed to yield the right-of-way to him and whether that failure was negligence and a proximate cause. The requested instruction asked that "right-of-way" be defined in the issues as "the right to the immediate use of the intersection in question."

In his brief, Greene acknowledges that in view of the finding that he entered the intersection on a red light, Mrs. Anders had the statutory right-of-way. Nevertheless, he argues that Mrs. Anders' continuing duty to exercise ordinary care required her,

under the record, to yield the right-of-way to him *after* she entered the intersection.

Of course, if the requested issues were not raised by the pleadings or the evidence, the court was not obliged to submit them. Rules 277 and 279, Texas Rules of Civil Procedure.

Greene's pleading that Mrs. Anders failed to yield the right-of-way is as follows:

"It is further shown that the defendant, Greene, was entitled to the right-of-way at the intersection in question and that plaintiff, Sandra H. Anders, was guilty of negligence which was a proximate cause of the collision in question in failing to yield the right-of-way to defendant, Harrison Greene, Jr., which conduct on the part of Sandra H. Anders was a violation of Section 71(a) of (Article 6701d, V.A.T.C.S.) which provides as follows:

'The driver of a vehicle approaching the intersection of a different street or roadway shall stop, yield and grant the privilege of immediate use of such intersection in obedience to any stop sign, yield right-of-way sign or traffic control device erected by public authority, and after so stopping, may only proceed thereafter when such driver may safely enter the intersection without interference or collision with traffic using such different street or roadway.'

"It is shown that at the intersection in question there was a traffic control device which, at the time Sandra H. Anders drove into the intersection in question, required that she stop and yield the right-of-way to defendant Greene."

We do not interpret the pleading as charging Mrs. Anders with a failure to yield the right-of-way *after* she entered the intersection.

■ Moreover, the evidence does not support the submission of the requested issues. Greene and Mrs. Anders both testified that

because of automobiles stopped at the intersection, which Greene was passing as he approached the intersection, they were unable to see the other's vehicle until a moment before the collision. There is no evidence that Mrs. Anders knew, before or after she entered the intersection, that Greene was approaching, or that, by the exercise of ordinary care, she could have learned of his approach in time to yield the right-of-way. Therefore, Mrs. Anders was under no duty to yield the right-of-way after she lawfully entered the intersection, and her failure to do so could not have been negligence or a proximate cause of the collision.

The first point of error is overruled.

■ In his points two, three and four, Greene contends that there is (1) no evidence and (2) no medical evidence that a miscarriage suffered by Mrs. Anders on the 11th day after the collision was caused by the collision, and that the trial court erred in permitting the jury, over proper objection, to consider the fact of the miscarriage in determining its award of damages.

The collision occurred at approximately 8:00 A.M. on February 17, 1970. There is evidence that Greene's vehicle struck the Anders' vehicle on its right side near the windshield; that the "jolt" of the collision knocked Mrs. Anders from under the steering wheel to "all the way against the door on the passenger's side"; that prior to the accident she was in good health, had given birth to three children, had never had any difficulty with her pregnancies, and had never had any back trouble or back pains; that she was two-months' pregnant at the time of the collision; that the afternoon of the day of the collision she began hurting in her back and neck, started having some cramps in the lower part of her abdomen and began "spotting"; that she called her doctor that night and he advised her to rest; that by Friday, February 20th, her condition had worsened, she was "hurting more and having stomach cramps and spotting more," and she went to see her doctor on that day because she was "concerned and

worried" about her pregnancy; that her doctor "just said to lay down and rest"; that on Saturday, February 28th, she began bleeding "rather heavily" and passing clots, and entered the hospital; that she was dismissed from the hospital the following Monday; that she suffered a miscarriage while in the hospital; that "the symptoms that developed the afternoon following the accident, the increase in 'spotting,' and the cramping, continued constantly from the time they started" until the miscarriage at the hospital. Mrs. Anders testified that she "suffered a miscarriage" as a result of the collision.

Greene does not cite any judicial pronouncement in support of his proposition that expert medical testimony is necessary to establish causation between the collision and the miscarriage. The only related cases we have found are Galveston, H. & S. A. Ry. Co. v. Bibb, (Tex.Civ.App., 1915, writ ref.) 172 S.W. 178; and Wright v. City of Fort Howard, 60 Wis. 119, 18 N.W. 750 (1884). In *Bibb* there was testimony that plaintiff's miscarriage was the result of a fall she suffered while alighting from a train; but the opinion is not clear whether there was medical testimony of that fact or whether, if lay testimony only, it was objected to. The *Wright* case expressly affirmed the competency of the plaintiff to express the opinion that her miscarriage was caused by a fall onto the sidewalk.

■ When the cause of a death, disease, or physical condition is wholly scientific or so far removed from the usual and ordinary experience of the average man that expert knowledge is essential to the formation of an intelligent opinion, only an expert can competently give evidence as to that cause. However, when the testimony is more in the nature of a fact than an opinion, nonexperts are generally permitted to testify as to causes of injury. 31 Am. Jur.2d 621, Expert And Opinion Evidence, Sec. 99. We believe that, under the record, Mrs. Anders' testimony that her miscarriage resulted from the collision falls within the latter rule.

We hold that under the record expert medical testimony was not necessary to discharge Mrs. Anders' burden of proof as to the cause of her miscarriage; and that her testimony as to the cause, together with the evidence of the problems she encountered with her pregnancy continuously from the time of the collision until the time she aborted, was sufficient to carry the question to the jury.

Appellant's second, third and fourth points are overruled.

In his points five through nine, Greene complains of portions of the closing argument made by counsel for the Anders, and of rulings of the court made on objections to the argument. We have carefully considered the argument, the objections thereto, and the court's rulings thereon. No purpose would be served by setting them out, here. In the light of the entire record, it is our conclusion that they do not reflect such error as was reasonably calculated to cause and probably did cause the rendition of an improper judgment. The points are overruled. Rule 434, Texas Rules of Civil Procedure; Aultman v. Dallas Railway & Terminal Co., 152 Tex. 509, 260 S.W.2d 596, 600 (1953).

■ We sustain Greene's tenth point of error in which he asserts that there is "absolutely no evidence" to support the jury's award of $100 for future chiropractic care for Mrs. Anders.

In his eleventh point, Greene complains that the trial court erred in rendering judgment for American States Insurance Company and in failing to hold that the company "was and is estopped from making any recovery from this defendant" as a matter of law.

Answering the suit of American States, Greene alleged that the company was the liability insurer for Mr. and Mrs. Anders; that it compromised and settled a claim which Greene had made against Mrs. Anders for his property damage resulting from the collision by paying him $160; and that it was therefore estopped as a matter of law to assert its present action against him.

■ American States has not filed a brief in this court and has not otherwise challenged the statement of facts set forth by Greene under his eleventh point. We therefore accept that statement as correct. Rule 419, Texas Rules of Civil Procedure.

It is undisputed that American States is the liability and collision insurance carrier for Mrs. Anders; that Greene sued her in the Justice Court for the damage to his automobile; that in a compromise and settlement of that case American States paid Greene for his property damage; and that Greene's case was dismissed.

■ Counsel for appellant does not cite any Texas case directly in point on this question, and we have found none. However, counsel does refer us to the case of Wm. H. Heinemann Cream. v. Milwaukee Auto. Ins. Co., 270 Wis. 443, 71 N.W.2d 395 (1955), rehearing denied, 270 Wis. 443, 72 N.W.2d 102 (1955), which is squarely in point. In that case a collision occurred between one of Heinemann Creamery Company's trucks operated by an employee and a truck owned and operated by one Tronca. Tronca commenced an action against Heinemann to recover for personal injuries sustained by him in the collision, as well as for property damage to his truck. Heinemann's liability carrier settled the action by paying Tronca $150, and took a release. Tronca's action was dismissed. Subsequently, Heinemann and its liability carrier brought an action against Tronca and his insurer to recover Heinemann's $100 deductible and $2,214.22 which Heinemann's carrier had paid to Heinemann for damages to its truck resulting from the collision. The court held that the compromise settlement made with Tronca constituted conduct which estopped Heinemann's carrier from prosecuting its claim against Tronca and his insurer.

We are in accord with the holding in the Heinemann case. Greene's eleventh point of error is sustained.

That portion of the judgment awarding American States Insurance Company $548.-45 is reversed, and judgment is here rendered that American States take nothing. The judgment is reformed by deleting therefrom the award of $100 to the plaintiffs for future chiropractic care for Mrs. Anders. In all other respects the judgment is affirmed.

Costs of this appeal are taxed 25% against American States Insurance Company and 75% against appellant.